**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE THOMPSON/CENTER ARMS, CONTENDER BARREL ASSEMBLY (Modified With Drilled Holes, in .22LR Caliber as an Interchangeable Component Part of a Silencer), in rem, Defendant.**

**No. CIV. 99–438–FR.**

United States District Court,
D. Oregon.

Jan. 26, 2000.

Kristine Olson, United States Attorney, Leslie J. Westphal, Assistant United States Attorney, Portland, OR, for Plaintiff.

Nikolaus Albrecht, Portland, OR, Claimant pro se.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the plaintiff's motion for summary judgment (# 14).

## FACTS

On May 11, 1997, a member of the Multnomah County Sheriff's Office stopped Nikolaus Albrecht for the crime of driving under the influence of alcohol. After refusing to take a sobriety field test, Albrecht was assisted out of his vehicle, and an inventory search of the vehicle was conducted. Law enforcement officers found the following weapons in Albrecht's vehicle: 1) One Thompson/Center Contender carbine, a short barreled rifle, bearing serial number 366170; 2) One JCB, Inc. firearm/silencer, .45 caliber and suppressor sleeve, bearing serial number 366170; and 3) One Thompson/Center barrel modified with drilled holes, .22 caliber, without a serial number.

The firearms were sent to the federal Bureau of Alcohol, Tobacco, and Firearms (hereafter ATF) in Washington, D.C. for testing, examination and classification in order to determine the legality of the seized firearms. The ATF concluded that the Thompson/ Contender carbine, serial number 366170, and the .45 caliber suppressor, serial number 366170, were properly registered. These weapons were returned to their true owners. The ATF concluded that the .22 caliber barrel assembly was not registered; therefore, this forfeiture action was instituted.

On March 31, 1999, this court issued a warrant for the arrest of the .22 caliber barrel assembly, finding probable cause to believe that the .22 caliber barrel assembly was possessed in violation of 26 U.S.C. § 5861(d) and is, therefore, forfeitable pursuant to 26 U.S.C. § 5872(a).

On June 6, 1999, Nikolaus Albrecht filed an answer and counterclaim in this matter.

On June 16, 1999, this court entered an order of default as to the defendant .22 caliber barrel assembly and all persons claiming any right, title or interest to the defendant .22 caliber barrel assembly, except for Nikolaus Albrecht.

On November 24, 1999, the plaintiff United States of America filed this motion seeking summary judgment as to the claim of Nikolaus Albrecht.

The government contends that the defendant .22 caliber barrel assembly was not registered in the National Firearm Registration and Transfer Record as required by 26 U.S.C. § 5861(d) and is, therefore, forfeitable pursuant to 26 U.S.C. § 5872(a).

Claimant Albrecht was served with the motion of plaintiff United States of America for summary judgment. He has filed no response to the facts provided by the government.

## APPLICABLE STANDARD

Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). The burden shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 951.

## RULING OF THE COURT

An unrebutted showing of probable cause is sufficient by itself to warrant a judgment of forfeiture. *United States v. $5,644,540.00 in U.S. Currency,* 799 F.2d 1357, 1362 (9th Cir.1986). Claimant Albrecht has not presented any evidence to rebut the finding made by this court on March 31, 1999 that there was probable cause to believe that the defendant .22 caliber barrel assembly was forfeitable pursuant to 26 U.S.C. § 5872(a).

In addition, the government has submitted evidence in support of its motion for summary judgment that claimant Albrecht possessed the defendant .22 caliber barrel assembly in violation of 26 U.S.C.

§ 5861(d) as an unregistered firearm, and that the defendant .22 caliber barrel assembly is subject to forfeiture pursuant to 26 U.S.C. § 5872(a). Claimant Albrecht has submitted no evidence to raise a genuine issue of material fact in this matter.

The plaintiff's motion for summary judgment (# 14) is GRANTED as to defendant .22 caliber barrel assembly. The plaintiff shall prepare a final judgment of forfeiture for the signature of the court.

IT IS SO ORDERED.